IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                       CASE No.   3:05cr89/LAC

BRON TIYO ROME
_____/

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Indictment in the above-entitled action, the United States sought forfeiture, <u>inter alia</u>, of all property of the defendant, **BRON TIYO ROME,** pursuant to Title 21, United States Code, Section 853(a)(1) and (2), and Title 21, United States Code, Section 846, as property constituting, or derived from, proceeds obtained directly or indirectly from the violations set forth in Counts One, Two, Three, Four and Six of said Superseding Indictment and/or property used or intended to be used to commit or promote the commission of the offenses set forth in Counts One, Two, Three, Four and Six of said Superseding Indictment, to wit: Count One unlawfully combining, conspiring, confederating and agreeing to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a controlled substance; Count Two, unlawfully, knowingly, and intentionally possessing with intent to distribute a mixture or substance containing cocaine, a controlled substance; Count Three, unlawfully, knowingly and intentionally possessing with intent to distribute five hundred (500) or more grams of a mixture or substance containing a detectable

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 NOV -8 PM 4: 31

FILED

amount of cocaine; Count Four, unlawfully, knowingly and intentionally possessing with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine; and, Count Six, unlawfully and knowingly possessing a firearm in and affecting interstate and foreign commerce after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

AND WHEREAS, on or about September 23, 2005, defendant, **BRON TIYO ROME,** pleaded guilty to Counts One, Two, Three, Four and Six, and agreed to the forfeiture set forth in said Superceding Indictment with regard to defendant's interest in the specifically below described real property;

AND WHEREAS, by virtue of said guilty plea, the United States is now entitled to entry of a preliminary order of forfeiture against all of defendant's interest in said real property, pursuant to Title 21, United States Code, Section 853(a)(1) and (2) and Rule 32(d)(2) and 32.2(b) of the Federal Rules of Criminal Procedure; now wherefore,

IT IS HEREBY ORDERED:

1. That all of defendant **BRON TIYO ROME'S** right and interest in the real property described below is hereby forfeited to and vested in the United States of America.

2. That the property which is subject to forfeiture in this Order is as follows:

(A) Real property with recorded title in the name of **Ebony Brantley**, as described in the Quit Claim Deed executed on March 21, 2005, and filed in the Official Records of Escambia County, Florida, in Official Record Book 5598 at Page 198. Said real property is further identified as all that tract or parcel of land, together with its buildings, improvements, fixtures, attachments and easements, commonly known as **1030 Requin Lane, Pensacola,**

**Florida,** and more particularly described as follows:

> **Beginning at the Southeast corner of Section 7, Township 1 South, Range 30 West, Escambia County, Florida; thence North with said Section line 3250 feet; thence West at right angles 75 feet for point of beginning; thence continue West 75 feet; thence North 129.67 feet; thence East 75 feet; thence South 129.67 feet to point of beginning. Being parcel #12 of a survey by B.B. Murphey, reg. Surveyor, dated December 19, 1957.**

3. That the United States is hereby directed to publish notice of this forfeiture and of it's intent to dispose of said property, and, to the extent practicable, to provide direct written notice to all persons known to have alleged an interest in said property, pursuant to Title 21, United States Code, Section 853(n)(1).

4. That upon adjudication of all third party interests, or if no third party claims are filed pursuant to Title 21, United States Code, Section 853(n), the United States shall dispose of said real property in accordance with law or further Order of this Court.

IT IS SO ORDERED this 5th day of Nov, 2005.

_____
LACEY A. COLLIER
UNITED STATES DISTRICT JUDGE